■ YESHIVA RAMBAM, Respondent, v OXFORD HEALTH PLANS, INC., Appellant. [761 NYS2d 320] —In an action, inter alia, for a

judgment declaring that the defendant is obligated to provide coverage under a certain group health insurance policy issued to the plaintiff, the defendant appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated March 8, 2002, which granted the plaintiff's motion for summary judgment and denied its cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the matter is remitted to the Supreme Court, Kings County, for entry of a judgment declaring that the defendant was not obligated to provide coverage under a certain group health insurance policy issued to the plaintiff.

The plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. The plaintiff neither demonstrated the existence of an ambiguity in the contract, nor offered proof that its payment was timely (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157 [1990]). Accordingly, the plaintiff's motion for summary judgment should have been denied.

In contrast, the defendant adduced sufficient uncontroverted evidence to show that the plaintiff failed to remit the October 2000 premiums in a timely fashion and that it properly terminated the plaintiff's group health insurance policy pursuant to the unambiguous terms of the contract (*see W.W.W. Assoc. v Giancontieri, supra*). Accordingly, the defendant's cross motion for summary judgment should have been granted.

Since the complaint asserts a cause of action for a declaratory judgment, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant was not obligated to provide coverage under a certain group health insurance policy issued to the plaintiff (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

In light of the foregoing, it is unnecessary to reach the defendant's contention concerning preemption. Smith, J.P., Luciano, Crane and Mastro, JJ., concur.